IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Horace Lewis, | ) | Civil Action No.: 5:05-928-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Holcim, Inc., p/k/a Holnam, Inc., | ) | |
| Robert West and Jimmy Grooms, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Horace Lewis initiated this action in the Orangeburg County Court of Common Pleas by complaint dated February 15, 2005. In his complaint, Lewis alleges that he was unlawfully terminated from his employment with defendant Holcim, Inc., in November, 2003. The complaint alleges that on the date of his discharge, November 20, 2003, he filed a short-term disability form with the employer and that later the same day he was "retaliated against, wrongfully discharged, and treated contrary to defendant's employment policies" when he was terminated. The complaint alleges causes of action for "violation of handbook", slander per se, libel, and wrongful discharge in violation of public policy. The defendants removed the case to Federal Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 on March 25, 2005.

On April 25, 2005, the plaintiff filed a motion to remand on the basis that the face of the complaint does not invoke any federal statute. The defendant filed a memorandum in opposition to motion to remand on May 10, 2005. Defendant contends that the first cause of action for breach of contract based upon the employee handbook and the claim for wrongful discharge in violation of public policy depend on resolution of substantial questions of federal law. Defendants also assert that the first

(breach of contract)[1] and fourth (wrongful termination) causes of action are preempted by federal statute. Because the court finds that the first cause of action is preempted by ERISA, it is not necessary to discuss the remaining federal grounds for jurisdiction asserted by defendants, and the motion to remand is denied.

A civil action filed in a state court may be removed to federal court in matters "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a plaintiff's claim arises under federal law, the "well-pleaded complaint rule" normally applies, wherein courts "look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues capable of creating federal question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir.1996). However, "when the federal statute completely pre-empts the state- law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial National Bank, Inc., v. Anderson, 539 U.S. 1, 8 (2003); Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 187 (4th Cir. 2002).

The Employee Retirement Income and Security Act (ERISA) "is a comprehensive statute

---

[1] The complaint states in paragraph 12 thereof: "On Thursday, November 20, 2003, Plaintiff filed a short-term disability form with Defendants, and later the same day, Plaintiff was retaliated against, wrongfully discharged, and treated contrary to Defendant's employment policies" when he received a telephone call informing him that he had been terminated.
Plaintiff's first cause of action alleges in paragraph 20 thereof: "The Plaintiff's discharge was in violation of the Defendant's policies, procedures, handbooks, and manuals, oral assurances of supervisors, and the contract of employment between the Plaintiff and Defendant, **with regard to Plaintiff's filing of a short-term disability form**, Plaintiff's request for medical leave, and when Plaintiff reported harmful cement emissions to his supervisor." (emphasis added)

2

designed to promote the interests of employees and their beneficiaries in employee benefit plans."

Shaw v Delta Airlines, Inc., 463 U.S. 85, 90 (1983).

> As part of this closely integrated regulatory system Congress included various safeguards to preclude abuse and 'to completely secure the rights and expectations brought into being by this landmark reform legislation.". . . Prominent among these safeguards are three provisions of particular relevance. . . : §514(a), 29 U.S.C. §1144(a), ERISA's broad pre-emption provision; §510, 29 U.S.C. §1140, which proscribes interference with rights protected by ERISA; and §502(a), 29 U.S.C. §1132(a), a 'carefully integrated' "civil enforcement scheme" that "is one of the essential tools for accomplishing the stated purposes of ERISA."

Ingersoll-Rand Company v. McClendon, 498 U.S. 133 (1990), citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987).

ERISA's broad preemption provision, § 514(a), 29 U.S.C. § 1144(a) provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

Section 502(a) of ERISA, 29 U.S.C. § 1132(a) provides:

> A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan.

As noted above, ERISA also contains a provision making it unlawful for any person to discharge, discipline or discriminate against a participant or beneficiary "for **exercising any rights to which he is entitled under the provisions of an employee benefit plan**. . .  or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . " §510, 29 U.S.C. § 1140 (emphasis added). Section 510 further provides that "the provisions of section 1132 of this title shall be applicable in the enforcement of this section." Id.

The Fourth Circuit has differentiated between the doctrine of ordinary or conflict preemption

3

and complete preemption. Under ordinary preemption, state laws that conflict with federal laws are preempted and preemption is asserted as a defense to the plaintiff's lawsuit in state court. These cases are not generally removable to federal court. The doctrine of complete preemption, on the other hand, provides an independent basis of federal jurisdiction and the state law claims are converted to federal claims. "When complete preemption exists, the plaintiff simply has brought a mislabeled federal claim which may be asserted under some federal statute." Sonoco Products Co. v Physicians Health Plan, Inc., 338 F.3d 366, 371 (4th Cir. 2003). In order for complete preemption to apply, three elements must be shown:

> (1) plaintiff must have standing under § 502(a) to pursue its claim; (2) (its) claim must fall 'within the scope of an ERISA provision that [it] can enforce via § 502(a)'; and, (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

Id., citing Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482 (7th Cir. 1996).

In the case at bar, the plaintiff is a participant or beneficiary of the plan and thus has standing under § 502(a) to pursue a claim under ERISA. The claim clearly falls within the scope of an ERISA provision since it is an action for retaliatory discharge similar to a § 510 ERISA claim, and §510 specifically states that the enforcement provisions of § 502 apply. Third, the breach of contract claim based upon the employee handbook alleges that the plaintiff's discharge was in violation of the provisions of the handbook "with regard to the filing of a short-term disability form." Complaint, paragraph 20. A copy of the handbook filed with the Court describes the disability program generally and additionally provides that any employee who obtains disability benefits "under false pretense will be terminated." The handbook specifically refers at page 25 thereof to the company's ERISA Plan, the Holchoice Summary Plan Description, "for additional information on this program." It is not clear

whether the instant case will require the Court to interpret the ERISA contract, as would be necessary in an action for denial of benefits. Nevertheless, the cause of action is regarding retaliatory discharge and for exercising a right to which the plaintiff is entitled under ERISA, i.e., the right to file an application for short term disability benefits; and the disability benefits are governed by an ERISA plan which is referenced in the handbook plaintiff that asserts creates his claim.

This court is, further, of the opinion that the Ingersoll-Rand case requires denial of the motion to remand in this case. In Ingersoll, the plaintiff was an employee who had worked for the defendant company for nine years and eight months, when the defendant fired him during a company-wide reduction in force. The employee sued the company in state court alleging that, had he not been discharged, his pension would have vested in another four months. He alleged that a principal reason for his termination was the company's desire to avoid making contributions to his pension fund. He did not claim any cause of action under ERISA. The trial court granted summary judgment to the company on the basis that the employee was terminable at will. On appeal, the Texas Supreme Court reversed on the basis that public policy imposes limitations upon an employer's power to discharge an employee at will, and also on the basis of § 510 of ERISA. The Texas Supreme Court, however, found that, since the employee was not seeking lost pension benefits, but instead was seeking lost wages, mental anguish and punitive damages, the case was not preempted by ERISA. The Supreme Court granted certiorari in order to determine the preemption issue. The court stated that the question whether a certain state action is preempted by federal law is a question of congressional intent. "The purpose of Congress is the ultimate touchstone," citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985). The court cited § 514(a) of ERISA, the preemption provision, and found that it was deliberately designed to establish pension plan regulation "as exclusively a federal concern," citing its Pilot Life

5

case.

The court cited § 510, the retaliation statute of ERISA, and held that, even when the state action purported to authorize a remedy unavailable under federal law, the state cause of action was preempted.

> Not only is § 502(a) the exclusive remedy for vindicating § 510-protected rights, but there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek "pension benefits." It is clear that the relief requested here is well within the power of federal courts to provide. Consequently, it is no answer to a preemption argument that a particular plaintiff is not seeking recovery of pension benefits.

Ingersoll Rand, 498 U.S. at 145.

Many cases from other federal courts have addressed similar issues and found state law claims preempted by ERISA. See, e.g., Tolle v. Carroll Touch, Inc., 977 F.2d 1129 (7th Cir. 1992), holding state causes of action for breach of contract and wrongful discharge based upon violation of the implied duty of good faith and fair dealing preempted by ERISA; Graf v. Daimler Chrysler Corp., 190 F.Supp. 2d 1002 (E.D. Mich. 2002), holding state law causes of action which allege that an employee has been harmed by claiming or attempting to claim his ERISA benefits were preempted, and citing Wood v. Prudential Insurance Co., 207 F.3d 674, 677-679 (3rd Cir. 2000), cert. denied, 531 U.S. 927 (2000), Kalo v. Moen, Inc., 93 F. Supp.2d 869 (N.D. Ohio 2000), and Int'l Union United Automobile Aerospace & Agricultural Implement Workers v. Auto Glass Employees Federal Credit Union, 858 F.Supp. 711, 722 (M.D. Tenn. 1994).

This Court finds that the portions of the plaintiff's first cause of action which allege breach of contract based on his filing of a short-term disability form are completely preempted by ERISA. Therefore, the plaintiff's motion for remand is **DENIED**.

**AND IT IS SO ORDERED**.

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, S.C.
February 28, 2006